*Hughes v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

—————————————————————————————

EVERETT HUGHES,

> *Plaintiff-Appellant,*

> v.                                                    No. 16-2557

CITY OF NEW YORK, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK dba PANEL FOR EDUCATIONAL POLICY, NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY COMMUNITY SCHOOL DISTRICT 19, CARMEN FARIÑA, individually and in her Capacity as Chancellor of the New York City Department of Education, JOYCE STALLINGS-HARTE, individually and in her Capacity as Superintendent for New York City Community School District 19,

> *Defendants-Appellees.*

—————————————————————————————

FOR APPELLANT:                    JOSHUA MOSKOVITZ, Beldock Levine & Hoffman LLP, New York, NY.

FOR APPELLEES:                    ERIC LEE (Deborah A. Brenner, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the District Court on June 24, 2016, is **AFFIRMED IN PART** and **REVERSED IN PART**, and the cause is **REMANDED** for further proceedings consistent with this order.

Plaintiff Everett Hughes brings this § 1983 action against defendants the City of New York, the Board of Education of the City School District of the City of New York, the New York City Department of Education, the New York City Community School District 19, Chancellor Carmen Fariña, and Superintendent Joyce Stallings-Harte. Hughes, who worked for the Center for Educational Innovation ("CEI"), a non-profit which did contract work for the City schools, alleged that the defendants violated his constitutional rights by banning him from working in the schools, thereby causing his employer to terminate his employment. Hughes appeals the District Court's grant of defendants' motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm in part and reverse in part.

We review a district court's dismissal under Rule 12(b)(6) *de novo*, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Segarra v. Fed. Reserve Bank of N.Y.*, 802 F.3d 409, 411 (2d Cir. 2015) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Hughes first argues that the District Court erred in dismissing his Fourteenth Amendment due process claim because the complaint adequately alleged a deprivation of his liberty interests without due process, often referred to as a "stigma-plus" claim. *See Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006). Even if Hughes adequately alleged a deprivation of his liberty, however, we agree with the District Court that, as in *Segal*, a post-deprivation name-clearing hearing was sufficient to satisfy due process. *Id.* at 214. Because Hughes could have challenged Chancellor Fariña's ban in a state court proceeding brought under Article 78 of the New York Civil Practice Law and Rules, his stigma-plus claim fails.

Hughes also argues that the District Court erred in dismissing his First Amendment retaliation claim because his termination and his ban from the City schools were motivated by Chancellor Fariña's mistaken belief that he organized a demonstration at Intermediate School ("I.S.") 292. As the Supreme Court recently recognized, a First Amendment retaliation claim may be based on a "perceived" association, rather than an actual protected association. *See Heffernan v. City of Patterson*, 136 S. Ct. 1412, 1417-19 (2016). Hughes's complaint alleges that Chancellor Fariña banned him from working in the City schools because she mistakenly believed he "orchestrated the demonstration at I.S. 292, caused 'a riot,' and led a group of people who damaged Superintendent Stallings-Harte's car."[1] Joint Appendix at 16. Drawing all reasonable inferences in Hughes's favor, we conclude that these allegations are sufficient to state a plausible claim that defendants retaliated against Hughes because they perceived that he was engaged in protected associational activities. The District

---

[1] Counsel for the defendants argued in their brief that there could be no First Amendment liability because the plaintiff's conduct, as described in the complaint, consisted of incitement to riot and therefore was not protected speech under the First Amendment. In support of this argument, the brief stated, "According to Hughes's complaint, Fariña took action against him because she thought that . . . he had *organized a riot* on school grounds and *led others to damage* the superintendent's car." Appellees' Br. 30 (emphasis added). As is apparent, this paraphrase seriously distorted the complaint's allegations that the Chancellor had been told that Hughes had "*orchestrated a demonstration*" [not "a riot"], "*caused* a riot" [not "organized" a riot], and "led a group of people *who damaged*" the Superintendent's car [not "led others *to damage*" the Superintendent's car]. We have no knowledge whether this distortion was attributable to mere carelessness or an intention to mislead the court. In either case, the ABA's Canon of Ethics 22 and Model Rule of Professional Conduct 1.1 appear pertinent.

3

Court believed that plaintiff failed to state an actionable claim because he was present at the site of the demonstration at the behest of his employer, and therefore, under *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006), was acting "pursuant to [his] official duties," and so was not "speaking as [a] citizen[] for First Amendment purposes." We disagree. The mere fact that he was present at the demonstration because his employer assigned him to be there to observe does not compel the conclusion that any speech he engaged in related to the demonstration was pursuant to his employment duties. Hughes has therefore sufficiently alleged a First Amendment retaliation claim, and the District Court erred in this regard.

We reverse the District Court's dismissal of Hughes's First Amendment claim; the claim may proceed against all defendants. As to the individual defendants, a determination of qualified immunity is not appropriate at this stage of the litigation. As to the department defendants, neither party has pressed the concern articulated, but not relied upon, by the District Court—that the department defendants do not have legal identities separate and apart from the municipality—and we therefore decline to consider it. Finally, as to the municipal defendant, defendants' counsel conceded at oral argument that the District Court's dismissal under *Monell* was inappropriate because, according to the complaint, it was Chancellor Fariña who made the decision to ban the plaintiff from the City schools, and, as head of the Department of Education, she possessed final authority to establish municipal policy with respect to the action she ordered. *See Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003).

\* \* \*

We have considered the parties' remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED IN PART** and **REVERSED IN PART**, and the cause is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4